**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **JOHNNIE DEMOND JACKSON,** | : | |
| | : | |
| **Plaintiff,** | : | |
| **VS.** | : | **NO. 5:23-CV-00333-TES-MSH** |
| | : | |
| **DEPUTY WARDEN REGINALD** | : | |
| **CLARK,** | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

## ORDER AND RECOMMENDATION

Presently pending before the Court is a Complaint filed by *pro se* Plaintiff Johnnie

Demond Jackson, an inmate currently incarcerated at the Dougherty County Jail in Albany,

Georgia (ECF No. 1), and seven additional motions seeking relief in this case (ECF Nos.

3, 4, 5, 6, 7, 9, 12).   Plaintiff has paid the required filing fee in this action, and his claims

are ripe for preliminary screening pursuant to 28 U.S.C. § 1915A.  Having conducted such

screening, the Court finds Plaintiff's excessive force claims against Defendant Clark shall

proceed for further factual development.  In addition, Plaintiff's motion to supplement the

record to include his sworn declaration under penalty of perjury (ECF No. 6) is

**GRANTED**, but his motion for treble damages (ECF No. 3) is **DENIED,** and his motions

for service of process (ECF No. 9) and to continue the prosecution of this case (ECF No.

12) are **DENIED as moot**.  It is additionally **RECOMMENDED** that Plaintiff's motion

for preliminary injunction (ECF No. 4), to supplement this motion (ECF No. 5), and his

motion for judgment on his motion for preliminary injunction (ECF No. 7) be **DENIED.**

**PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT**

## I.      Standard of Review

The Prison Litigation Reform Act obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee.  *See* 28 U.S.C. § 1915A(a).  When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true.  *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003).  *Pro se* pleadings, like the one in this case, are "'held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'"  *Hughes*, 350 F.3d at 1160 (citation omitted).  Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. §1915A(b).

A claim is frivolous if it "'lacks an arguable basis either in law or in fact.'"  *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citation omitted).  The Court may dismiss claims that are based on "'indisputably meritless legal'" theories and "'claims whose factual contentions are clearly baseless.'"  *Id.* (citation omitted).  A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot

"'merely create[] a suspicion [of] a legally cognizable right of action.'" *Twombly*, 550 U.S. at 555 (citation omitted).  In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim.  *Id.* at 556.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law.  *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995).  If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal.  *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

## II.    Factual Allegations

Plaintiff's claims against Defendant Clark stem from an incident that occurred at the Baldwin State Prison sometime in November or December of 2022.  Compl. 5, ECF No. 1.[1]   During this incident, Plaintiff contends he passed out in his cell due to "excruciating pain" in his spine and was taken to medical via a gurney.  *Id.*  While Plaintiff was waiting for a pain shot prescribed by his nurse, deputy warden Defendant Clark "jammed" a taser into Plaintiff's collarbone and "demanded" that Plaintiff get up.  *Id.*  Plaintiff explained that he could not get up because he was waiting on the pain shot that

---

[1] Plaintiff filed a motion requesting that the Court "supplement file his Declaration under Penalty of Perjury to his Complaint."  Mot. Suppl. 1, ECF No. 6.  This motion (ECF No. 6) is **GRANTED.**

had already been ordered by medical personnel. *Id.* Defendant Clark then ordered another inmate to "grab [Plaintiff's] legs," and Defendant Clark "grabbed the collar of [Plaintiff's] state uniform shirt," choking Plaintiff and almost causing him to pass out. *Id.* at 5-6. Defendant Clark then "threw [Plaintiff] to the other side of the ER table injuring [him] further[]." *Id.* at 6. After the nurse administered the pain shot, Defendant Clark "picked [Plaintiff] up again," "threw [Plaintiff] in a wheelchair," threatened Plaintiff, and used racial slurs. *Id.* Plaintiff states that as a result of this treatment, Plaintiff was not able to "walk normal" and "had to get [a] back brace and [c]ane to walk." *Id.* Plaintiff further contends he "posed no[] threat and hands and arms was in non resistance position behind back" during this incident. *Id.* Plaintiff thus contends Defendant Clark violated his constitutional rights, and as a result he primarily seeks monetary damages. *Id.* at 7.

### III.   Plaintiff's Claims

####    A. Excessive Force Claims

The Eighth Amendment's prohibition against cruel and unusual punishment forbids the "'unnecessary and wanton infliction of pain.'" *Moore v. Hunter*, 847 F. App'x 694, 697 (11th Cir. 2021) (per curiam) (quoting *Thomas v. Bryant*, 614 F.3d 1288, 1303 (11th Cir. 2010)). "In the prison context, an excessive force claim 'requires a two-prong showing: an objective showing of a deprivation or injury that is sufficiently serious to constitute a denial of the minimal civilized measure of life's necessities and a subjective showing that the official had a sufficiently culpable state of mind.'" *Id.* (quoting *Thomas*, 614 F.3d at 1304). The objective showing "is responsive to contemporary standards of decency," and thus even "a de minimis use of force is cognizable under the Eighth

Amendment if it is 'repugnant to the conscience of mankind.'" *Moore*, 847 F. App'x at 697 (quoting *Wilkins v. Gaddy*, 559 U.S. 34, 37-38 (2010) (per curiam)). To show subjective intent, the prisoner must show that a prison official applied force to a prisoner "maliciously and sadistically to cause harm." *See, e.g., Skrtich v. Thornton*, 280 F.3d 1295, 1300 (11th Cir. 2002). To determine whether force was applied maliciously or sadistically, the court considers factors which include "(1) the need to apply force, (2) the relationship between that need and the amount of force applied, (3) the threat reasonably perceived by the responsible officials; and (4) any efforts made to temper the severity of the forceful response." *Moore*, 847 F. App'x at 698. When prison officials maliciously and sadistically use force to cause harm, they will always violate contemporary standards of decency, even if no significant injury results. *Id.* In addition, "once the necessity for the application of force ceases, any continued use of harmful force . . . and any abuse directed at the prisoner after he terminates his resistance to authority" are considered Eighth Amendment violations. *Williams v. Burton*, 943 F.2d 1572, 1573 (11th Cir. 1991).

In this case, Plaintiff alleges that he is medically fragile, uses a wheelchair, and was awaiting pain treatment when Defendant Clark allegedly injured Plaintiff. Compl. 5, ECF No. 1. Plaintiff also alleges he was not posing a threat to Defendant Clark or resisting in any way. *Id.* at 6. Taking these allegations as true, as the Court must at this early stage, the Court cannot say that Plaintiff's excessive force claims against Defendant Clark are necessarily frivolous. They shall therefore proceed for further factual development.

B. <u>Motion for Preliminary Injunction</u>

Plaintiff has also filed a motion for a preliminary injunction (ECF No. 4), a motion to supplement the motion for preliminary injunction (ECF No. 5), and a motion for a judgment on the preliminary injunction (ECF No. 7).  A preliminary injunction is a drastic remedy used primarily to preserve the status quo rather than grant most or all of the substantive relief sought in the complaint.  *See, e.g., Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983); *Fernandez-Roque v. Smith*, 671 F.2d 426, 429 (11th Cir. 1982).[2]  The Court may only grant a preliminary injunction where the moving party demonstrates that:

> (1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest.

*Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc) (per curiam).  In addition, the moving party "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."  *Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010).

In this case, Plaintiff seeks preliminary injunctive relief concerning his medical care.  Mot. Prelim. Inj. 1, ECF No. 4.  As best as the Court can tell, Plaintiff is asserting that he cannot obtain proper care at the Dougherty County Jail because jail officials refuse to send his medical records to his orthopedic specialist.  *Id.* at 6.  Thus, the preliminary injunctive

---

[2]The standard for obtaining a TRO is the same as the standard for obtaining a preliminary injunction.  *See Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001) (per curiam); *Windsor v. United States*, 379 F. App'x 912, 916-17 (11th Cir. 2010) (per curiam).

relief Plaintiff seeks—presumably, an order from this Court directing Dougherty County Jail staff to take action related to Plaintiff's medical care—would have to be entered against a non-party to this case. But "[c]ourts of equity have long observed the general rule that a court may not enter an injunction against a person who has not been made a party to the case before it." *E.A. Renfroe & Co. v. Moran*, 338 F. App'x 836, 838-39 (11th Cir. 2009) (per curiam) (internal quotation marks omitted). Defendant Clark, an employee of the Baldwin State Prison, would not have any authority to take any action concerning Plaintiff's medical care at the Dougherty County Jail. Accordingly, it is **RECOMMENDED** that Plaintiff's motion for preliminary injunctive relief (ECF No. 4) be **DENIED.** *See id.* (holding that "it is axiomatic that courts may only enjoin parties before the court"). Plaintiff's motion to supplement his motion for preliminary injunction relates solely to Plaintiff's claims that he is not receiving adequate medical care at the Dougherty County Jail, and it is therefore also **RECOMMENDED** that this motion (ECF No. 5) and his motion for a judgment on the preliminary injunction (ECF No. 7) be **DENIED as moot.**

### C.  Motion for Treble Damages

Plaintiff has also filed a motion "for treble damages award" (ECF No. 3). Plaintiff contends he is entitled to "treble damages award at the conclusion of this case for mental, emotional, physical, and financial damages and for punitive, compensatory and nominal awards for damages." Mot. 1, ECF No. 3. Plaintiff has not alleged any basis for his entitlement to treble damages, and his Complaint already seeks monetary damages. Plaintiff's motion for treble damages (ECF No. 3) is thus **DENIED.**

## CONCLUSION

For the foregoing reasons, the Plaintiff's excessive force claims against Defendant Clark shall proceed for further factual development.  In addition, Plaintiff's motion to supplement the record to include his sworn declaration under penalty of perjury (ECF No. 6) is **GRANTED**, but his motion for treble damages (ECF No. 3) is **DENIED**.  Because Plaintiff is not proceeding *in forma pauperis* in this action, he is responsible for attempting service of process in accordance with the directions set forth below, and his motion for service of process (ECF No. 9) is thus **DENIED as moot**.[3]  Plaintiff's motion to "continue prosecution of this case" (ECF No. 12) is likewise **DENIED as moot**.  It is additionally **RECOMMENDED** that Plaintiff's motions for preliminary injunction (ECF No. 4), to supplement this motion (ECF No. 5), and his motion for judgment on his motion for preliminary injunction (ECF No. 7) be **DENIED.**

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Tilman E. Self, III, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation.  The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections.  Failure to object in accordance with the provisions of § 636(b)(1) waives the

---

[3] Plaintiff's motion for service does not request that the United States Marshal serve process at this time; Plaintiff instead requests "service of process documents to serve upon the defend[ant] in this case."  Attach. 1 to Mot. Service 1, ECF No. 9-1.

right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made.  *See* 11th Cir. R. 3-1.

## ORDER FOR SERVICE

Because Plaintiff is not proceeding *in forma pauperis* in this case, and the Court has found that Plaintiff has made colorable constitutional violation claims against Defendant Clark, it is **ORDERED** that Plaintiff serve Defendant and that he file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.  Defendant is reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

Plaintiff must secure service upon the Defendant in accordance with the provisions of Fed. R. Civ. P. 4.  The Court is providing Plaintiff with a Rule 4 Service Package, which contains instructions, the necessary forms to use for waiver of service, and a copy of Fed. R. Civ. P. 4.  While Plaintiff may request a waiver of service of summons from Defendant in accordance with Fed. R. Civ. P.  4(d), if Defendant does not waive service, Plaintiff must make arrangements with a person authorized to make service under Fed. R. Civ. P. 4(c). In accordance with Fed. R. Civ. P. 4(m), failure to achieve service within 90 days after filing of the Complaint may result in dismissal of this case.  If Plaintiff is financially unable to arrange for service of process, he may submit a motion to the Court in which he (1) explains to the Court what efforts he made to perfect service and (2) includes an affidavit in support of his claim of indigence, along with a certified copy of his trust fund account statement (or institutional equivalent) for the previous six-month period.

**DUTY TO ADVISE OF ADDRESS CHANGE**

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

**DUTY TO PROSECUTE ACTION**

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendant is similarly advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

**FILING AND SERVICE OF MOTIONS,**
**PLEADINGS, AND CORRESPONDENCE**

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk

of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendants from whom discovery is sought by the Plaintiff. The Defendant shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court. This 90-day period shall run separately as to Plaintiff and Defendant beginning on the date of filing of Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party.  The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:  except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.  No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities.  Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED AND RECOMMENDED**, this 17th day of November, 2023.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE