# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| JOHNNIE DEMOND JACKSON,<br><br>*Plaintiff,*<br><br>v.<br><br>DEPUTY WARDEN REGINALD CLARK,<br><br>*Defendant.* | CIVIL ACTION NO.<br>5:23-cv-00333-TES-MSH |

## ORDER ADOPTING THE UNITED STATES
## MAGISTRATE JUDGE'S RECOMMENDATION

Before the Court is the United States Magistrate Judge's Order and Recommendation ("O&R") [Doc. 13] regarding Plaintiff's Motion for Preliminary Injunction and subsequent related motions. *See* [Doc. 4]; [Doc. 5]; [Doc. 7]. In allowing Plaintiff's excessive force claims against Defendant Reginald Clark to proceed for further factual development, the magistrate judge also granted Plaintiff's Motion to Supplement the Record.[1] *See* [Doc. 13, pp. 4–5, 7]; [Doc. 6]. Next, the magistrate judge denied Plaintiff's Motion for Treble Damages because Plaintiff failed to "allege[] any basis for his entitlement to treble damages." *See* [Doc. 13, at p. 7]; [Doc. 3]. Finally, because Plaintiff is not proceeding *in forma pauperis* and is therefore responsible for attempting

---

[1] There are two "Motions to Supplement" on the docket. The first one [Doc. 5] is a motion to supplement the record with facts relevant to a non-party, which the magistrate judge recommended denying. *See* [Doc. 13, pp. 6–7]. The second [Doc. 6] is a motion to supplement the record with facts relevant to the named Defendant, which the magistrate judge granted--presumably in light of his order allowing the claims against Defendant Clark to proceed for further factual development. *See* [Doc. 13, pp. 5, 8].

service, the magistrate judge denied as moot Plaintiff's Motion for Service of Process and his Motion "to Continue Prosecution of this Case." *See* [Doc. 13, pp. 7, 9]; [Doc. 9]; [Doc. 12].

Because Plaintiff filed an Objection to the O&R, the Court reviews the recommendations—as well as the magistrate judge's orders—de novo.[2] 28 U.S.C. § 636(b)(1)(C); *see* [Doc. 15]. The Court has "broad discretion" in reviewing a magistrate judge's recommendations. *Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009). A district court may consider arguments that were not raised in the first instance to the magistrate judge—or it may decline to do so. *Stephens v. Tolbert*, 471 F.3d 1173, 1174 (11th Cir. 2006); *Williams*, 557 F.3d at 1292. If, for example, Plaintiff had included new factual allegations in his Objection, the Court would be within its discretion to construe those factual allegations as amendments to the complaint. *See Newsome v. Chatham Cnty. Det. Ctr.*, 256 F. App'x 342, 344 (11th Cir. 2007) (per curiam).

Here, however, Plaintiff makes no new factual allegations in his Objection, nor does he state any reasons why he believes the magistrate judge's O&R is unlawful. *See* [Doc. 15, p. 1]. Instead, Plaintiff—in his one-page document—simply objects to the

---

[2] By statute, the Court is obligated to review de novo the portions of a magistrate judge's recommendation to which Plaintiff objects, but the portions to which Plaintiff does not object, the Court must only review for clear error. *See* 28 U.S.C. § 636(b)(1)(C) *in connection with* Fed. R. Civ. P. 6(a)(1) & (d). Plaintiff here only objects to the magistrate judge's rulings and determinations, not his recommendations. *See* [Doc. 15]. Therefore, the Court is only obligated to conduct a clear error review of the few short objections that Plaintiff does make. *See* 28 U.S.C. § 636(b)(1)(A) *in connection with* Fed. R. Civ. P. 72(a). However, because of Plaintiff's pro se status, the Court will exercise its discretion and conduct a de novo review of the magistrate judge's O&R in its entirety.

magistrate judge's rulings with blanket statements such as: "Pro se Plaintiff . . . objects to ECF No. 3 denial of his treble damages, objects to ECF No. 9 denial of his service of process . . . ." [*Id.*]. Additionally, Plaintiff did not object to the portions of the O&R recommending that this Court deny Plaintiff's Motion for Preliminary Injunction, his Motion to Supplement the Record regarding that motion for preliminary injunction, and his Motion for Judgment on the Motion for Preliminary Injunction. *See* [*id.*]; [Doc. 13, pp. 6–7]; [Doc. 4]; [Doc. 5]; [Doc. 7].

When a party's objections are "[f]rivolous, conclusive, or general," the district court need not consider them. *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (per curiam) (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)). Plaintiff does not state why he believes the magistrate judge's recommendations or orders are erroneous or contrary to law, and his objections are repetitive and conclusory.[3] Nothing in Plaintiff's objections convinces the Court that the magistrate judge's O&R is incorrect.

Plaintiffs have a duty to pinpoint for the district court what exactly the plaintiff disagrees with in the magistrate judge's recommendations. *U.S. v. Schultz*, 565 F.3d 1353, 1360--61 (11th Cir. 2009) ("It is reasonable to place upon the parties the duty to pinpoint those portions of the magistrate's [recommendation] that the district court must specially consider."). Here, Plaintiff's Objection does not pinpoint anything about the magistrate

---

[3] The standard under Rule 72(a) and 28 U.S.C. § 636(b)(1)(A) "means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997).

judge's recommendations—let alone does it explain how those recommendations are wrong or contrary to law such that the district judge is capable of conducting a meaningful review of them. *See id.*

After reviewing the magistrate judge's O&R and the Plaintiff's Objections, the Court agrees with the magistrate judge's recommendations and finds no error in the magistrate judge's rulings. Therefore, the Court **ADOPTS** the magistrate judge's Recommendation [Doc. 13] and **MAKES IT THE ORDER OF THE COURT**. Accordingly, Plaintiff's Motion for Preliminary Injunction [Doc. 4], his Motion to Supplement that motion [Doc. 5], and his Motion for Judgment on that motion [Doc. 7] are **DENIED**, and the magistrate judge's other rulings stand.

**SO ORDERED**, this 5th day of December, 2023.

                                                S/ Tilman E. Self, III
                                                **TILMAN E. SELF, III, JUDGE**
                                                **UNITED STATES DISTRICT COURT**