# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| JOHNNIE DEMOND JACKSON, : | |
| : | |
| Plaintiff, : | |
| v. : | Case No. 5:23-CV-333-TES-MSH |
| : | |
| Deputy Warden REGINALD CLARK, : | |
| : | |
| Defendant. : | |
| _____ : | |

## ORDER

Pending before the Court are Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP") (ECF No. 27) and motion for service of process (ECF No. 28). For the reasons which follow, Plaintiff's motion for leave to proceed IFP is denied-in-part and granted-in-part, and his motion for service of process is granted.

Plaintiff has already paid the full filing fee in this matter. Compl., ECF No. 1; Clerk's Entry, Sept. 11, 2023. As the United States Court of Appeals for the Second Circuit has recognized, "fee-paying litigants have no opportunity to obtain a refund of their filing fees[.]" *Goins v. Decaro*, 241 F.3d 260, 261 (2d Cir. 2001). Even if Plaintiff was proceeding IFP, "a refund is not only unauthorized, but also encounters the barrier of sovereign immunity, since the debited funds have become the property of the United States. *Id.* (citing 28 U.S.C. §§ 711(c), 751(e) (requiring clerks of courts to pay fees "into the Treasury")). Thus, to the extent Plaintiff seeks a refund of his previously paid filing fee, his motion (ECF No. 27) is **DENIED-in-part**.

It also appears Plaintiff may have filed his motion for leave to proceed IFP in support of his motion for service of process. In relevant part, Plaintiff states he has paid $225.00 to a private process server for two attempts of service of process on Defendant. Mot. for Service 2, ECF No. 28. In both attempts, the private process server was instructed by the gate officer to leave process with the gate officer. *Id.* As this Court noted previously, leaving process with the gate officer does not appear to be effective service under Georgia law. Order, Jan. 17, 2024, ECF No. 25. Plaintiff's motion for leave to proceed IFP shows that he has a present balance of $8.16 in his prisoner account and a six-month average balance of $25.76. Mot. for Leave to Proceed IFP 3, ECF No. 27.

Under Federal Rule of Civil Procedure 4(c)(3), upon a request from a plaintiff, "the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3). Plaintiff has diligently attempted service on Defendant, including spending $225.00 on a private process server, and in apparent response to the Court's Order regarding service in this matter, Plaintiff moved quickly to seek the Court's assistance in serving Defendant.

Additionally, a review of Plaintiff's allegations suggests that the applicable statute of limitations may run later this year. Compl. 5, ECF No. 1. The United States Court of Appeals for the Eleventh Circuit has held that, when a district court considers dismissing a complaint for the failure of the plaintiff to serve within the time required by Rule 4(m) and the plaintiff has failed to show good cause for failing to effect timely service, the district

2

court <u>must</u> consider whether the statute of limitations has run. *Lepone-Dempsey v. Carroll Cnty. Comm'rs.*, 476 F.3d 1277, 1282 (11th Cir. 2007). In this case, Plaintiff has shown good cause to extend the time for service, and consideration of the statute of limitations under *LePone-Dempsey* supports the conclusion that it is appropriate in this case to have service be made by the United States Marshals Service. Accordingly, Plaintiff's motion for leave to proceed IFP (ECF No. 27) is **GRANTED-in-part**, and his motion for service of process (ECF No. 28) is **GRANTED**.

Accordingly, the Court **ORDERS** and **DIRECTS** that the United States Marshals Service shall, first, attempt service on Defendant by sending the appropriate waiver of service as if this matter was proceeding *in forma pauperis*. Should Defendant not waive service, the United States Marshals Service shall then attempt personal service on Defendant. Defendant is reminded of his duty regarding waiver of service under Federal Rule of Civil Procedure 4(d)(1) and (2).

**SO ORDERED and DIRECTED**, this 29th day of January, 2024.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE