IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JOHNNIE DEMOND JACKSON, | : |
| Plaintiff, | : |
| v. | : Case No. 5:23-cv-333-TES-AGH |
| Deputy Warden REGINALD CLARK, | : |
| Defendant. | : |

# ORDER

Before the Court are (1) Plaintiff's motion to supplement this action with an affidavit filed in another action (ECF No. 55), (2) Plaintiff's motion seeking—in essence—leave of Court to conduct a video deposition of a witness and an extension of the discovery period (ECF No. 64), and (3) Defendant's motion for an extension of time to either file dispositive motions or complete discovery (ECF No. 66). For the following reasons, Plaintiff's motion to supplement this action is granted, his second motion is denied in part as moot as to his request to take a video deposition and granted in part as to an extension of the discovery period, and Defendant's motion is granted in part.

## I. Plaintiff's Motion to Supplement

First, Plaintiff seeks to supplement the record in this case with an affidavit previously filed by Plaintiff in *Jackson v. Clark*, No. 5:22-cv-459-MTT-MSH (M.D. Ga.) ("*Jackson I*"). Pl.'s Mot. to Suppl. 1, ECF No. 55. Plaintiff argues that he needs the affidavit from *Jackson I* because he is no longer at the same prison where the

affiant was housed. *Id.* In both actions, Plaintiff sued Defendant because Defendant allegedly "jammed" a taser into Plaintiff while Plaintiff was in the prison medical center awaiting treatment after Plaintiff fell in his cell. Compl. 5, ECF No. 1; *Jackson I* Compl. 6, ECF No. 1. Plaintiff voluntarily dismissed *Jackson I* because he wanted to exhaust his administrative remedies. After allegedly exhausting, he filed the current action against Defendant. Pl.'s Mot. to Suppl. 1-2. Plaintiff also requested a response from Defendant when he filed his motion to supplement. *Id.* at 2. Defendant did not file a response.

Under these limited circumstances, where Plaintiff filed the same action that he previously dismissed, and Defendant has not objected to the relief Plaintiff seeks, the Court finds it appropriate to grant Plaintiff's request. Plaintiff's motion to supplement (ECF No. 55) is **GRANTED**. The Clerk is **DIRECTED** to file into this case the affidavit located at ECF No. 1-1 in *Jackson v. Clark*, No. 5:22-cv-459-MTT-MSH (M.D. Ga.).

## II. Plaintiff's Motion to Take a Deposition

Second, Plaintiff asks for permission to conduct a video deposition. Under Federal Rule of Civil Procedure 30(b)(3)(A), Plaintiff may take a deposition by audio, audiovisual (i.e., video), or stenographic means.[1] As a result, Plaintiff does not need

---

[1] Plaintiff may have mistakenly believed he needed leave of Court because he is confined in prison, and Rule 30(a)(2)(B) requires leave of court when the deponent is confined in prison. In this case, however, Plaintiff will not be the deponent and leave of Court is not required. Plaintiff is advised to familiarize himself with Rules 30 and 31 regarding discovery and the taking of depositions because the Court cannot conduct discovery on his behalf.

leave of Court to take his desired video deposition. Therefore, Plaintiff's motion (ECF No. 64) is **DENIED as moot** to the extent that he seeks leave of Court to take a video deposition. Plaintiff is advised, however, that under the Rules, he is required to make appropriate arrangements and bear the costs associated with any deposition he seeks to take. *See Barber v. Krepp*, No. 1:15-CV-83 (WLS), 2018 WL 9491217, at *3 (M.D. Ga. Jan. 10, 2018) (noting that even *pro se* plaintiffs proceeding *in forma pauperis* are not provided with payment of discovery costs, and citing in relevant part *Harrington v. Wells*, No. 2:15-cv-41, 2016 WL 6518636, at *2 (S.D. Ga. Nov. 1, 2016), and *Brown v. Carr*, 236 F.R.D. 311, 313 (S.D. Tex. 2006)).[2]

### III. Parties' Motions for Extension

Third, the parties seek an extension of time to complete discovery. The Court finds good cause to extend the time for discovery and the time for filing dispositive motions. Plaintiff's motion (ECF No. 64) is **GRANTED** to the extent he seeks an extension of the discovery period, and Defendant's motion for an extension of time (ECF No. 66) is **GRANTED in part**. Discovery shall be extended through and including October 21, 2024. Dispositive motions are due November 20, 2024.

**SO ORDERED**, this 5th day of September, 2024.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court notes, for clarity, that Plaintiff paid the filing fee in this matter and is not proceeding *in forma pauperis*.