IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JOHNNIE DEMOND JACKSON, | : | |
| Plaintiff, | : | |
| v. | : | Case No. 5:23-cv-333-TES-AGH |
| Deputy Warden REGINALD CLARK, | : | |
| Defendant. | : | |

## ORDER AND RECOMMENDATION

Before the Court are Plaintiff Johnnie Demond Jackson's motion for summary judgment (ECF No. 103), motion to compel (ECF No. 100), motion in limine and for judicial notice (ECF No. 105), motion for sanctions (ECF No. 106), motion seeking to supplement under the Administrative Procedures Act (ECF No. 113), motion to supplement Plaintiff's list of witnesses (ECF No. 114), and second motion in limine (ECF No. 117). For the following reasons, it is recommended that Plaintiff's motion for summary judgment be denied. Plaintiff's additional motions are denied.

### BACKGROUND

Plaintiff's claims arise from his confinement at Baldwin State Prison ("BSP") in Hardwick, Georgia. Compl. 5, ECF No. 1. Plaintiff contends that, in November or December 2022, he was taken to the infirmary after passing out in his cell due to excruciating pain. *Id.* While waiting for a pain shot that had been prescribed by a nurse, Defendant Deputy Warden Reginald Clark jammed a taser into Plaintiff's collarbone and demanded that Plaintiff get up. *Id.* When Plaintiff explained he

could not get up, Defendant ordered another inmate to grab Plaintiff's legs, while Defendant grabbed the collar of Plaintiff's prison uniform, choking Plaintiff and causing Plaintiff to nearly pass out. *Id.* at 5-6. Plaintiff contends that Defendant threw Plaintiff to the other side of the infirmary room table and that after the nurse gave Plaintiff the pain shot, Defendant threw Plaintiff into a wheelchair. *Id.* at 6. As a result of Defendant's actions, Plaintiff asserts that he was unable to walk normally because he needed a back brace and a cane. *Id.* Plaintiff primarily seeks damages as a result. *Id.* at 7.

The Court received Plaintiff's complaint on September 5, 2023 (ECF No. 1). After preliminary review, Plaintiff's excessive force claim against Defendant was allowed to proceed for further factual development. Order & R. 8, Nov. 17, 2023, ECF No. 13; Order, Dec. 5, 2023, ECF No. 19 (adopting recommendation). Defendant filed a timely answer (ECF No. 49). On February 28, 2025, Plaintiff filed a motion for summary judgment (ECF No. 103). Defendant filed a response to the motion for summary judgment (ECF No. 111), to which Plaintiff filed a reply (ECF No. 119).

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

### I. Summary Judgment Standard

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a genuine dispute of material fact exists to defeat a motion for summary judgment, the evidence is viewed

in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 255 (1986). A fact is material if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is genuine if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). If the movant meets this burden, the burden shifts to the party opposing summary judgment to go beyond the pleadings and present specific evidence showing that there is a genuine issue of material fact, or that the movant is not entitled to judgment as a matter of law. *Id.* at 324-26. This evidence must consist of more than conclusory allegations. See *Avirgan v. Hull*, 932 F.2d 1572, 1577 (11th Cir. 1991). In sum, summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

## II. Discussion

Plaintiff moves for summary judgment on his claim of excessive force against Defendant Clark. But, as explained in more detail below, genuine issues of material

fact exist on this claim such that summary judgment is inappropriate. Plaintiff's motion should consequently be denied.

Plaintiff alleges that Defendant physically assaulted him while waiting for, and after receiving, a pain shot in BSP's medical infirmary. He supports his allegations with his deposition testimony. *See* Pl.'s Mot. for Summ. J. Ex. 51, at 45, 52, 62-63, 66-70, ECF No. 103-51. Defendant responds to Plaintiff's allegations with his own declaration and the declaration of an alleged witness, CERT Officer Havior. Clark Decl., ECF No. 111-3; Havior Decl., ECF No. 111-4. Defendant denies Plaintiff's allegations and avers, in contrast, that he was <u>assisting</u> Plaintiff as Plaintiff got into the wheelchair following the pain shot. Clark Decl. 2-3. Officer Havior similarly declares that she never witnessed Defendant assault Plaintiff and that she does not recall even being present at the time of the alleged assault. These statements directly conflict with Plaintiff's sworn testimony that Officer Havior was present when Defendant assaulted Plaintiff. Havior Decl. 2; Pl.'s Mot. for Summ. J. Ex. 51, at 45.

In short, there is a genuine factual dispute regarding whether Defendant used excessive force against Plaintiff. "This action is . . . no more than a swearing contest between" the parties. *Joassin v. Murphy*, 661 F. App'x 558, 560 (11th Cir. 2016) (citing *Jackson v. West*, 787 F.3d 1345, 1357 n.6 (11th Cir. 2015)). Summary judgment is, thus, inappropriate, and the Court recommends that Plaintiff's motion (ECF No. 103) be denied.

## PLAINTIFF'S ADDITIONAL MOTIONS

### I.  Motion to Compel and Motion for Sanctions

Plaintiff again seeks to compel the production of CERT Officer Havior's body cam footage (ECF No. 100).[1]  Plaintiff also seeks sanctions against Defendant for the failure to produce the body cam footage (ECF No. 106).

The Court directed Defendant to respond to Plaintiff's discovery request for Officer Havior's body cam footage.  Order 2, Jan. 10, 2025, ECF No. 88.  Defendant responded that no such body cam footage exists.  Def.'s Resp. to Mots. to Compel and for Sanctions 3, ECF No. 110.  Additionally, Officer Havior declares that she was never issued body cam equipment.  Havior Decl. 2.  Simply put, a party cannot produce what does not exist.  Plaintiff may not like the response he received to his discovery request, but that does not entitle him to an order compelling the production of non-existent camera footage or to sanctions.  *West v. Temple*, No. 5:14-CV-86-MTT-MSH, 2016 WL 4087108, at *2 (M.D. Ga. July 29, 2016) ("The Court cannot compel a person or entity to create a document that does not exist.  Defendants similarly cannot be compelled to produce something that does not exist.").  Consequently, Plaintiff's motions to compel (ECF No. 100) and for sanctions (ECF No. 106) are **DENIED**.

---

[1]  Officer Havior's body cam footage was discussed during the January 7, 2025 discovery conference (ECF Nos. 87, 88).  Plaintiff also sought the body cam footage in his October 2024 discovery requests.  *See* Order 2, Jan. 10, 2025, ECF No. 88.

## II. Motions in Limine and to Take Judicial Notice

Plaintiff moves in limine to exclude portions of Defendant's answer. Specifically, he claims that Defendant "falsified" certain assertions concerning Plaintiff's treating nurse. Pl.'s 1st Mot. in Limine 2, ECF No. 105. Plaintiff similarly seeks in his second motion in limine to exclude nurses who allegedly did not correctly document his allergies. Pl.'s 2nd Mot. in Limine 2, ECF No. 117. These motions are denied.

Plaintiff complains that Defendant incorrectly asserts in his answer that a different nurse treated Plaintiff. Pl.'s 1st Mot. in Limine 1-2. But whether Nurse A or Nurse B treated Plaintiff is irrelevant to determining whether Defendant allegedly assaulted Plaintiff, particularly since Plaintiff will be able to call his own witnesses at trial, including potentially the nurse or nurses that he alleges treated him. Further, the "true purpose of a motion in limine is to avoid the introduction of evidence at trial that is 'clearly inadmissible on all potential grounds' and could irretrievably impact the fairness of trial." *United States v. Jackson*, No. 7:23-CR-80 (WLS-TQL), 2025 WL 394959, at *1 (M.D. Ga. Feb. 4, 2025) (citation omitted). Plaintiff's motion seeking to exclude portions of Defendant's answer does not seek to avoid the introduction of evidence that is clearly inadmissible or that could impact the fairness the trial in this matter. The same is true for Plaintiff's motion seeking to exclude evidence of two nurses who allegedly failed to correctly document Plaintiff's allergies. Accordingly, Plaintiff's motions in limine (ECF Nos. 105, 117) are

**DENIED**.[2]

Finally, Plaintiff asks the Court to take judicial notice of facts which are in dispute. The Court cannot take judicial notice of such facts. *See* Fed. R. Evid. 201(b). Consequently, Plaintiff's motion seeking judicial notice (ECF No. 105) is **DENIED**.

### III. Motion to Supplement Under Administrative Procedures Act

Plaintiff seems to be asking to amend to add claims against Defendant under the Administrative Procedures Act ("APA"). Pl.'s Mot. to Suppl. Under APA 3, ECF No. 113 (citing 5 U.S.C. § 702). Generally, a court "should freely give leave" to amend "when justice so requires" under Federal Rule of Civil Procedure 15(a). *Nicholl v. Bd. of Regents of Univ. Sys. of Ga.*, 706 F. App'x 493, 499 (11th Cir. 2017) (quoting Fed. R. Civ. P. 15(a)(2). However, a "court may properly deny leave to amend . . . under Rule 15(a) when such amendment would be futile[.]" *Id.* (citing *Chang v. JPMorgan Chase Bank*, 845 F.3d 1087, 1094 (11th Cir. 2017). Plaintiff seeks to add claims against a state actor under the federal APA, but "the federal APA clearly does not apply to state agencies." *Doe, 1-13 ex rel. Doe Sr. 1-13 v. Bush*, 261 F.3d 1037, 1055 (11th Cir. 2001) ("*Doe*") (citing 5 U.S.C. § 701(b)(1) and defining "agency" as "certain authorities of the 'Government of the United States'"). Thus, his request to amend is futile and Plaintiff's motion seeking to supplement under the APA (ECF No. 113) is **DENIED**.

---

[2] If this matter proceeds to trial, Plaintiff will have the opportunity to file additional motions in limine after the Court issues its pretrial order.

7

## IV. Motion to Supplement Witness List

Finally, Plaintiff again seeks to supplement his witness list (ECF No. 114). However, as the Court previously informed Plaintiff when it granted a prior request to supplement a potential witness list, should trial be necessary, Plaintiff will have an opportunity to provide a final list of witnesses and he should not file additional requests to supplement. Order 2 n.4, Feb. 28, 2025, ECF No. 102. Plaintiff's motion to supplement his witness list (ECF No. 114) is **DENIED** without prejudice to his right to submit a proposed list of witnesses if this matter proceeds to trial.

## CONCLUSION

For the reasons explained above, it is recommended that Plaintiff's motion for summary judgment (ECF No. 103) be **DENIED**. If the District Judge accepts this recommendation, this matter should be set for trial. Further, Plaintiff's motion to compel (ECF No. 100), motion in limine and for judicial notice (ECF No. 105), motion for sanctions (ECF No. 106), motion seeking to supplement under the Administrative Procedures Act (ECF No. 113), motion to supplement Plaintiff's list of witnesses (ECF No. 114), and second motion in limine (ECF No. 117) are each **DENIED**.[3] Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within FOURTEEN (14) DAYS after being served with a copy hereof. Any objection should be no longer than TWENTY (20) PAGES in length. The district judge shall make a de novo

---

[3] If this matter proceeds to trial, Plaintiff's motion seeking to have subpoenas served *in forma pauperis* (ECF No. 118) may require resolution by the District Judge.

determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO ORDERED and RECOMMENDED**, this 2nd day of May, 2025.

    s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE